UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SHADEE KETURAH, individually and on
behalf of all those similarly situated,

     Plaintiff,

                          Case No.:

v.

PNC FINANCIAL SERVICES GROUP, INC.

     Defendants.

_____/

## NOTICE OF REMOVAL

Defendant, PNC Financial Services Group, Inc. ("**PNC FSG**"),[1] pursuant to

28 U.S.C. §§ 1331, 1332, 1441(a), and 1446, and Rule 1.06 of the Local Rules of

the United States District Court for the Middle District of Florida, removes this

action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County,

Florida, Case No.: 16-2026-CA-003687-AXXX-MA (the "**Trial Court**"), and

respectfully shows:

### PROCEDURAL HISTORY AND BACKGROUND

1.     On May 27, 2026, the Plaintiff, Shadee Keturah, individually and on

behalf of all those similarly situated, commenced this class action lawsuit in the

---

[1] PNC FSG is the incorrect Defendant. The correct Defendant is PNC Bank, National Association ("PNC Bank"). Regardless of the Defendant, though, removal is proper.

1

Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, styled *Shadee Keturah v. PNC Financial Services Group, Inc.*, Case No. 16-2026-CA-003687-AXXX-MA (the "**Instant Action**"). A copy of the state court Complaint and the court file are attached.  See **Exhibit A** and **Composite Exhibit B**.

2.      On June 2, 2026, PNC FSG was served with the Complaint.

3.      The putative class alleged in the Instant Action consists of a Florida Class defined as "[1] all consumers with Florida addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twenty-four (24) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was sent to the consumer after the consumer requested Defendant to cease communication with the consumer." Compl. at ¶ 18.

4.      Plaintiff brings a claim both individually and on behalf of a putative class for alleged violations of the Florida Consumer Collections Protection Act (the "**FCCPA**"), Fla. Stat. § 559.72(7). *See* Compl. at ¶¶ 30–34.

### GROUNDS FOR REMOVAL

5.      Under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction."

2

6. This action may be removed under 28 U.S.C. § 1441(a) because this Court would have original jurisdiction under the Class Action Fairness Act (the "**CAFA**"), 28 U.S.C. § 1332(d).

7. Plaintiff is a citizen and resident of Florida. Compl. at ¶ 4.

8. PNC FSG is a Pennsylvania corporation with its principal place of business in Pennsylvania. Compl. at ¶ 5. For federal diversity jurisdiction purposes, PNC FSG is a citizen of Pennsylvania. PNC Bank, who should be the named Defendant, is Delaware corporation with its principal place of business in Delaware. For diversity jurisdiction purposes, PNC Bank is a citizen of Delaware.

### *This Court is the proper venue for this lawsuit.*

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1441(a), and 1446(a) because the Fourth Judicial Circuit in and for Duval County, Florida, is a state court located within the Jacksonville Division of the United States District Court for the Middle District of Florida.

10. In accordance with 28 U.S.C. § 1446(d), PNC FSG will file with the Clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, a Notice of Filing Notice of Removal and is contemporaneously giving notice to Plaintiff's counsel of this removal.

11.   This Court has original jurisdiction over the Instant Action under the Class Action Fairness Act of 2005 (the "**CAFA**"), 28 U.S.C. § 1332(d), and the Instant Action is removable to this Court under both 28 U.S.C. §§ 1441 and 1453.

12.   CAFA provides the federal district courts with original jurisdiction to hear a case if the putative class has more than 100 members, the parties are minimally diverse, and the "matter in controversy exceeds the sum or value of $5,000,000." *Standard Fire Ins. Co. v. Knowles*, 569 U.S. 588, 592 (2013) (citing 28 U.S.C. §§ 1332(d)(2) and 1332(d)(5)B)). In addition, "no antiremoval presumption attends cases invoking CAFA, [since] Congress enacted [it] to facilitate [the] adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. 81, 89 (2014). Although the burden of establishing removal jurisdiction rests with the defendant seeking removal, a notice of removal is sufficient if it constitutes a "short and plain statement of the [removing party's] grounds for removal." *Id.* at 87. As explained herein, this case satisfies each of CAFA's jurisdictional requirements for removal.

### *This case is a class action.*

13.   CAFA defines a "class action" as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

14.     Here, the Complaint identifies this case as a class action, consisting of a Florida Class defined as "[1] all consumers with Florida addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twenty-four (24) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was sent to the consumer after the consumer requested Defendant to cease communication with the consumer." Compl. at ¶ 18.

### This case involves at least 100 putative class members.

15.     A class action may not be removed under CAFA unless it involves at least 100 putative class members. *See* 28 U.S.C. § 1332(d)(5)(B). Here, the putative class members exceed 100. In defining their putative class, Plaintiff asserts that "Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more." Compl. at ¶ 20 (emphasis added). Accordingly, the Instant Action meets the numerosity requirement of CAFA.

### Minimal diversity exists.

16.     CAFA includes a minimal diversity threshold requirement. *See* 28 U.S.C. § 1332(d)(2)(A)–(C). That is "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Unlike traditional diversity jurisdiction, which requires complete diversity of citizenship

5

between the parties to the action, CAFA requires that only one member of the putative class must be a citizen of a different state than the defendant. *See, e.g., Life of the S. Ins. Co. v. Carzell,* 851 F.3d 1341, 1344 (11th Cir. 2017). Here, the Plaintiff is a citizen of Florida. Compl. at ¶ 4. Thus, Plaintiff has a different citizenship than that of PNC FSG or PNC Bank, which are citizens of Pennsylvania and Delaware, respectively. As a result, the Instant Action meets the minimal diversity threshold.

### *It is more likely than not that the amount in controversy exceeds $5,000,000.*

17.    Under CAFA, a defendant may not remove a class action to federal district court unless the aggregate amount in controversy of all putative class members exceeds $5,000,000. *See* 28 U.S.C. § 1332(d)(2). A plausible calculation satisfies this determination. *See Dart Cherokee Basin Operating Co., LLC,* 574 U.S. at 89 (ruling that notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). So the amount in controversy is "less a prediction of 'how much the plaintiffs are ultimately likely to recover,' than it is an estimate of how much will be put at issue during the litigation." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014) (quoting *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 751 (11th Cir. 2010)).

18.    In a class action lawsuit involving an FCCPA claim, the remedies afforded by section 559.77 include: (1) actual damages; (2) additional statutory damages up to $1,000; (3) punitive damages; (4) injunctive relief, (5) court costs;

and (6) attorneys' fees. *See* Fla. Stat. § 559.77(2). The *statutory damages* are capped at $1,000 per action and not $1,000 per violation. *See Arianas v. LVNV Funding LLC,* 54 F. Supp. 3d 1308, 1310 (M.D. Fla. 2014). In the class action context, the defendant can be liable for additional statutory damages of up to $1,000 for each named plaintiff and an aggregate award of *additional statutory damages* of up to the lesser of $500,000 or 1 percent of the defendant's net worth for all remaining class members; however, the aggregate award may not provide an individual class member with additional statutory damages in excess of $1,000. § 559.77(2). There is no cap on *actual damages*.

19.    Where the plaintiff has not alleged a specific amount of damages, as is the case here, the defendant need not calculate or estimate an *exact* amount in controversy to satisfy the CAFA burden. *See Pretka*, 608 F.3d at 754. In addition, the court may rely on "judicial experience and common sense" to determine whether the amount in controversy exceeds the jurisdictional minimum. *Roe v. Michelin N. Am., Inc.* 613 F.3d 1058, 1062 (11th Cir. 2010).

20.    Here, Plaintiff alleges the "aggregate damages sustained by members of the Classes are in the millions of dollars" but does not specify an exact amount. Compl. ¶ 28. Given the alleged class size is "several thousand, if not more" the allegations of the Complaint are sufficient to establish an amount in controversy of more than $5,000,000.

21. Moreover, Plaintiff, individually and on behalf of the putative class, seeks damages, *injunctive relief*, and an award of attorneys' fees and costs. *See* Compl. at pp. 6–7. Under CAFA, the value of Plaintiff's requested injunctive relief is included in the computation for purposes of establishing the amount in controversy. *See Bernstein v. JP Morgan Chase & Co.,* No. 09-80533-CIV-RYSKAMP/VITUNAC, 2009 WL 10699864 at *4 (S.D. Fla. Aug. 4, 2009) ("Under CAFA, courts are also able to determine the amount in controversy by looking at defendant's potential losses, including those sustained from an injunction."); *see also Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1268 (11th Cir. 2000) (finding that "[f]or amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of litigation' measured from the plaintiff's perspective."). Therefore, even if the Court were to find that Defendant's maximum exposure to *statutory damages* is the lesser of $500,000 or 1% of its net worth, given the numerosity of the putative class, the aggregate amount in controversy—inclusive of actual damages, injunctive relief, and attorney's fees and costs—likely exceeds the jurisdictional minimum of $5,000,000.00.

22. The preponderance of the evidence demonstrates that the Instant Action satisfies the amount in controversy requirement of CAFA. Accordingly, this Court has original jurisdiction over the Instant Action pursuant to CAFA and 28 U.S.C. § 1332(d).

## TIMELINESS OF REMOVAL

23.    On June 2, 2026, PNC FSG was served with a copy of the Complaint. The day of service is shown on the Return of Service contained within **Exhibit A.** The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. *See* 28 U.S.C. § 1446(b). Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of June 2, 2026, in compliance with 28 U.S.C. § 1446(b).

## NON-WAIVER OF DEFENSES

24.    By removing this action, Defendant does not admit any of the allegations contained in the Complaint. Nor does Defendant waive any defenses available to it in this action, including without limitation, defenses available under Federal Rule of Civil Procedure 12(b). Defendant also reserves the right and intends to compel this action to arbitration upon removal, and by removing this action does not intend to waive that right. *See Adams v. Lashify, Inc.*, 689 F. Supp. 3d 1146, 1159 (M.D. Fla. 2023) (holding removal alone is insufficient to constitute a waiver of the right to arbitration).

## CONCLUSION

WHEREFORE, Defendant removes the above-captioned action pending against it in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, and requests that further proceedings be conducted in this Court as provided by law.

Dated: June 22, 2026                    Respectfully Submitted,

/s/ Jacob B. Hanson
**Jacob B. Hanson | FBN: 91453**
Primary Email: jhanson@bradley.com
Secondary Email: tabennett@bradley.com
**Lauren G. Raines | FBN: 11896**
Primary Email: lraines@bradley.com
Secondary Email: jbrandt@bradley.com
**Jessica N. Faucher | FBN: 1070452**
Primary Email: jfaucher@bradley.com
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite 1000
Tampa, FL 33602-5468
T: (813) 559-5500 | F: (813) 229-5946
*Counsel for Defendant, PNC Financial Services Group, Inc.*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 22, 2026, I caused a true and correct copy of the foregoing document to be sent by electronic mail and to be deposited for mailing in the U.S. Mail, with postage paid, addressed to the following persons:

Samuel J. Awad, Esq.
Zane C. Hedaya, Esq.
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Telephone: (813) 340-8838
samuel@jibraellaw.com
zane@jibraellaw.com
*Counsel for Plaintiff*

*/s/ Jacob B. Hanson*
Jacob B. Hanson

11