16-2026-CA-003687-AXXX-MA Div: CV-A

Filing # 249011212 E-Filed 05/27/2026 11:17:00 AM

## IN THE CIRCUIT OF THE 4TH JUDICIAL CIRCUIT
## IN AND FOR DUVAL COUNTY, FLORIDA

SHADEE KETURAH,
*individually and on behalf of all*
*those similarly situated,*

      **Plaintiff,**

v.

PNC FINANCIAL SERVICES GROUP,
INC.**,**

      **Defendant.**

_____/

## CLASS ACTION COMPLAINT

Plaintiff Shadee Keturah ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant PNC Financial Services Group, Inc. ("Defendant") for violations of the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the sum value of $50,000, exclusive of interest, costs, and attorney's fees.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Duval County, Florida.

3. The Venue of this action is proper in this Court because the cause of action alleged below arose in Duval County, Florida.

## PARTIES

4. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Duval County, Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 05/28/2026 02:43:09 PM

5.    Defendant is a Pennsylvania corporation, with its principal place of business located in Pittsburgh, Pennsylvania.

## DEMAND FOR JURY TRIAL

6.    Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

### Background

7.    On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

8.    The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

9.    The Subject Service was primarily for personal, family, or household purposes.

### The Unlawful Communications

10.    On a date better known by Defendant, Defendant began attempting to collect the Consumer Debt from Plaintiff by sending Plaintiff a collection communication (the "First Collection Communication").

11.    On or about April 2025, Plaintiff verbally told Defendant to stop contacting Plaintiff.

12.    Upon information and belief, the verbal Stop Request was received by Defendant on April 2025.

13.    Upon receipt of the Stop Request, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

14.     On or about May 22, 2025, despite knowing that Plaintiff had requested Defendant to stop contacting them, Defendant sent Plaintiff another collection communication in an attempt to collect the Consumer Debt (the "Second Collection Communication").

15.     The Second Collection Communication is attached hereto as "Exhibit A."

16.     The Second Collection Communication stated: "Dear Customer: The above referenced deposit Account is closed with a negative balance due of $708.21. Here's what you need to do: Please pay the outstanding balance due by sending a cashier's check or money order."

## CLASS ALLEGATIONS

17.     Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined "Class."

### PROPOSED CLASS

18.     The **"Class"** consists of [1] all consumers with Florida addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twenty-four (24) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was sent to the consumer after the consumer requested Defendant to cease communication with the consumer.

19.     Defendant and its employees or agents are excluded from the Class.

20.     Plaintiff does not know the number of members in the Class but believes the members of the Class to be in the several thousands, if not more.

### NUMEROSITY

21.     Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after the consumer requested

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

Defendant to cease communication with the consumer. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

22.    Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout Florida after the person requested Defendant to cease communication with the consumer. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23.    The exact number and identities of members of the Class are unknown at this time and can be ascertained only through discovery. Identification of each member of the Class is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

24.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the Class in an attempt to collect a debt; **[2]** Whether Defendant is a "person" within the meaning of Fla. Stat. § 559.72; **[3]** Whether Defendant, by and through said collection communications, violated the FCCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

25.    The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the FCCPA are accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

## TYPICALITY

26.     Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

27.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

## SUPERIORITY

28.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation.

29.     The prosecution of separate actions by members of the class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

## COUNT I
## VIOLATION OF FLA. STAT. § 559.72 (7)
### *(For Plaintiff and the FCCPA Class)*

30.     Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference paragraphs 1-29 of this Class Action Complaint as though fully stated herein.

31.     Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions. *See generally* Fla. Stat. § 559.72. Specifically, in collecting consumer debts and pursuant to the FCCPA, no person shall: "willfully engage in [] conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family." Fla. Stat. § 559.72(7) (emphasis added).

32.     As stated above, on or about Apil 2025, Defendant was notified on a phone call, by and through the Stop Request, that Plaintiff requested Defendant to stop contacting them.

33.     As such, Defendant knew Plaintiff requested Defendant to stop contacting Plaintiff. Despite knowing this, Defendant communicated with and/or contacted Plaintiff in connection with the collection of the Consumer Debt, by and through the Second Collection Communication.

34.     In doing so, Defendant willfully engaged in conduct which could reasonably be expected to abuse or harass Plaintiff. As such, by and through the Second Collection Communication, Defendant violated Fla. Stat. § 559.72(7).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of themselves and members of the Classes, respectfully requests this Court to enter a judgment against Defendant, awarding the following relief:

(a)     An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b)     Statutory damages as provided by Fla. Stat. § 559.77(2);

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

(c)     An order declaring that Defendant's actions, as set out above, violate Fla. Stat. § 559.72(7);

(d)     An injunction requiring Defendant to comply with Fla. Stat. § 559.72(7);

(e)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.77(2); and

(f)     Any other relief that this Court deems appropriate under the circumstances.


DATED: May 27, 2026


Respectfully Submitted,

/s/ Samuel J. Awad                          .
**SAMUEL J. AWAD, ESQ.**
Florida Bar No.: 1058426
E-mail: samuel@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515  NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

# Exhibit A



PNC Bank
BR-YB58-01-3
6750 Miller Rd
Brecksville, OH 44141

## PNC BANK

May 22, 2025

Shadee K Jean                                      0162

Re: PNC Bank, National Association Closed Deposit Account Number Ending in ▮▮▮ (the "Account")

Dear Customer:

The above referenced deposit Account is closed with a negative balance due of $708.21.

**Here's what you need to do:**

Please pay the outstanding balance due by sending a cashier's check or money order to the following address:

PNC Bank, N.A.
Consumer Loan Center
BR-YB58-01-5
PO Box 5570
Cleveland OH 44101

**Here's how to contact us:**
We are here to help. If you are unable to make the full payment, have questions, or would like to speak with someone regarding this matter, please contact our office at 1-800-729-4810. Our business hours are Monday - Thursday: 8:00 a.m. to 9:00 p.m. and Friday, 8:00 a.m. to 4:30 p.m. ET.

We appreciate your immediate attention regarding this matter.

Respectfully,

Recovery Departement
Recovery Specialist
PNC Bank N.A.

This is an attempt to collect a debt and/or enforce our lien. Any information obtained will be used for that purpose unless prohibited by applicable law. However, if this debt has been discharged or if you are protected by the automatic stay in bankruptcy, we are not attempting to collect the debt from you personally, and if we have obtained relief from the automatic stay, we will only exercise our rights against any collateral. By providing this notice we do not waive any applicable exemptions from state or federal collection laws.

If you are requesting modified payments or other loss mitigation, please note that normal collection activity, collection litigation and/or foreclosure activity may continue on your loan to the extent allowed by law while your request is being reviewed. Any information requested may be necessary to determine your eligibility for loss mitigation options.

05222025DRU05016201S

# CORRESPONDENCE — Subpoena Processing

**Date:** 6-2-2026

**To:** Subpoena Processing

**Email:** subpoenaprocessing@pnc.com          **Fax Number:** 888-678-1472

**For Questions:** subpoenaprocessing@pnc.com

**From:**   Kaylyn Foody          (Employee Name)
Penn Hills Branch          (Branch or Dept. Name)
412-242-6526          (Branch or Dept. Phone)
412-242-6558          (Branch or Dept. Fax )

**Pages:**   14   (including cover)

**Comments:**

Attached is a copy of a legal document that was received **[must check one]** today at our Branch or Dept.

☒ hand delivered
☐ by mail
☐ by Certified mail

---

For these documents, IMMEDIATELY email or fax to Subpoena Processing - all pages, front and back including:
- o   This completed cover sheet
- o   Any additional documentation, business cards, envelopes, certified mail receipts
  - Retain originals and cover sheet for 60 days, then destroy.

Send any checks or monetary payments included via Fed EX same day to:

Subpoena Processing - B7-YB17-01-C

4100 West 150th Street Cleveland, Ohio 44135

(Include a case name or copy of the document)

## Most Common types of documents:

Subpoena          Search Warrant          Summons

Please refer to the legal-process document procedure on the PNC intranet for direction on other types of documents.

---

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, the employee or the agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone. Thank you.

## IN THE CIRCUIT COURT OF THE 4TH JUDICIAL CIRCUIT
## IN AND FOR DUVAL COUNTY, FLORIDA

Case No.:

SHADEE KETURAH
*individually and on behalf of all*
*others similarly situated,*

    **Plaintiff,**

                                     **CIVIL ACTION SUMMONS**

v.

PNC FINANCIAL SERVICES GROUP,
INC.,
    **Defendant.**

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

PNC FINANCIAL SERVICES GROUP, INC.
C/O: Agent Authorized to Accept Service
300 Fifth Avenue
The Tower at PNC Plaza
Pittsburgh, PA 15222

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 1515 NE 26th Street Wilton Manors, Florida 33305, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: ___05/28/2026___

                                       Jody Phillips
                                       Clerk of the Court

                                       By: _____
                                            As Deputy Clerk

CEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 05/28/2026 02:43:09 PM
PAGE 2/15 * RCVD AT 6/2/2026 3:38:02 PM [Eastern Daylight Time] * SVR:WUEF342W/41 * DNIS:8886781472 * CSID:412 242 6558 * ANI:4122426558 * DURATION (mm-ss):05-21

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).